**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1523

EDWIN COLON,

Plaintiff, Appellant,

v.

SPECIAL AGENT JAMES CONNOLLY, ET AL.,

Defendants, Appellees.

————————————————

JOHN RUSSELL, ET AL.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Edwin Colon on brief pro se.
Michael J. Sullivan, United States Attorney, and Jennifer Hay Zacks, Assistant United States Attorney, on brief for appellee James Connolly.
Brian Rogal, Esq. and Law Offices of Timothy M. Burke on brief for appellees Thomas R. Zona, Francis E. Moore and Charles Murray.

October 27, 2003

**Per Curiam**.   Pro se plaintiff-appellant Edwin Colon ("Colon") appeals from two district court orders granting summary judgment in favor of federal and state officials in his civil rights damages suit.  We review summary judgment decisions de novo, examining the record independently and drawing any factual inferences in the light most favorable to the non-moving party. Rosenberg v. City of Everett, 328 F.3d 12, 17 (1st Cir. 2003).  We have reviewed the parties' submissions and the record on appeal. We affirm, substantially for the reasons stated in the magistrate judge's 10/30/01 and 1/31/03 reports and recommendations, which the district court accepted on 11/27/01 and 3/19/03, respectively.  We add only the following comments.

Colon's argument that the district court improperly relied on the magistrate's reports because two of them contradicted each other has no merit.  Specifically, Colon asserts that the magistrate's 8/9/99 report concluded that Colon's complaint was not vague, whereas the magistrate's 10/30/01 report concluded that his complaint was vague.  A review of these reports reveals that the purported contradiction has been manufactured, for in his 8/9/99 report, the magistrate merely noted Colon's contention that prior court rulings suggested that his complaint was not vague.

Colon's next argument that the district court abused its discretion and violated his due process rights by adopting the magistrate's reports without issuing its own opinions also has no

merit.   While the district court was required to review the magistrate judge's decisions <u>de novo</u>, <u>see</u> 28 U.S.C. § 636(b)(1)(C), this did not - contrary to Colon's contention - compel the district court to make separate findings of fact or issue opinions setting forth its own reasoning, <u>see</u> <u>Jonco, LLC</u> v. <u>Ali, Inc.</u>, 157 F.3d 33, 35 (1st Cir. 1998).

Finally, Colon's argument that he stated viable damages claims under 42 U.S.C. § 1983 and <u>Bivens</u> v. <u>Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), has no merit. The lower court correctly held that Colon's damages claims were not cognizable under <u>Heck</u> v. <u>Humphrey</u>, 512 U.S. 477 (1994) because the present suit would necessarily imply the invalidity of Colon's underlying sentence.   We add that Colon may pursue his damages claims if his conviction and sentence are ever invalidated. <u>Guzman-Rivera</u> v. <u>Rivera-Cruz</u>, 29 F.3d 3, 6 (1st Cir. 1994).

The judgment of the district court is summarily <u>affirmed</u>. <u>See</u> 1st Cir. Loc. R. 27(c).